## In re MILLER.

### (District Court, N. D. Iowa, W. D. December 3, 1900.)

BANKRUPTCY—CONTEMPT—DISOBEDIENCE OF ORDER OF REFEREE.

Under Bankr. Act 1898, a referee has authority to enter an order directing a bankrupt to surrender to his trustee any money or property which belongs to his estate, and which is found by the referee, after a hearing, to be in his possession or under his control; and on a failure or refusal to obey such order the referee may enter such fact on the record, and it is then his duty to certify the facts to the judge, who alone has authority, under section 41b, to adjudge the bankrupt in contempt, and impose the punishment therefor.

In Bankruptcy. On exceptions to order of referee directing payment of a certain sum to the trustee, and on certificate of referee.

E. C. Herrick and Wilber Owen, for trustee.

Sullivan & Griffith, for bankrupt.

SHIRAS, District Judge. Upon the evidence submitted in this matter the referee found and held that it appeared that the bankrupt had in his possession or under his control the sum of $15,000, which he had not accounted for or turned over to the trustee, and thereupon an order was entered by the referee requiring the bankrupt to forthwith pay the sum to the trustee, and adjudging him in contempt for a failure to make payment as ordered. Thereupon the attorneys for the bankrupt petitioned for a review of the ruling of the referee on the ground that the evidence did not justify the finding that the bankrupt had in his possession any money or property belonging to his estate, much less the sum of $15,000, and the orders of the referee were therefore without foundation, and improvidently made. In the case of In re Rosser, 41 C. C. A. 497, 101 Fed. 562, the court of appeals for this circuit held that:

"Under the general rules of law and under the specific provisions of the bankrupt act, a court of bankruptcy has power and jurisdiction to make an order requiring the bankrupt to pay or deliver to his trustee in bankruptcy money or other property in his possession or control, constituting a part of his estate in bankruptcy, and which he has not surrendered or accounted for, and to enforce his obedience to such order by commitment as for contempt."

Under the rule laid down in this case it is clear that the referee, upon whom is imposed the duty of collecting through the trustee the property of the estate, had the right to enter an order directing the bankrupt to surrender to the trustee any money or property which the referee found to be in possession or under the control of the bankrupt, opportunity having been given to the bankrupt to be heard upon the question; and upon the refusal or neglect of the bankrupt to obey the order thus made the referee had the right to enter upon the record the fact that the bankrupt had refused obedience, and therefore was in contempt of the court. Beyond this, however, the referee could not rightfully go, as the provisions of section 41 of the act require that the referee, in cases of disobedience to any lawful order, process, or writ, as well as in cases of misbehavior, shall certify the facts to the judge, who shall thereupon in a summary way hear the evidence, and deal with the case as though the question had originally arisen in the district court. The referee having certified the facts as required by section 41, the matter came properly before the court, and was set down for hearing, notice thereof being given to the attorneys of record representing the bankrupt and those representing the trustee. Upon this hearing the main contention was over the question whether the evidence justified the finding of the referee that the bankrupt had in his possession money or property which he had not surrendered to the trustee. I am satisfied that the evidence justified the finding that the bankrupt had in his possession money and property to a considerable amount which he had not delivered to the trustee. Whether the sum fixed by the referee, to wit, $15,000, is in excess of the amount wrongfully withheld by the bankrupt, is open to question, but there is evidence to sustain this finding. The bankrupt does not propose to turn over any sum whatever, nor does he, in person, attempt to explain the present situation of his estate. In fact, it is said that he has fled the country. Under these circum-

stances it will be held that the bankrupt is in contempt, in that he has failed to obey the order of the referee, or to show cause why the order should be rescinded in whole or be modified as to amount, and it is therefore ordered that, if the said bankrupt can be found within the jurisdiction of the court, he be at once taken into custody by the marshal, and be committed for safe-keeping until he yields obedience to the order of the court, or until he is otherwise lawfully released.